|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| 2 | | |
| 3 | | |
| 4 | LISA SULLY, as Personal Representative of the Estate of JENNY LYNN BORELIS, deceased; KIMBERLY BUSH, as Personal Representative of the Estate of DANIEL D. BUSH, deceased | CASE NO. C14-5672 BHS |
| 5 | | ORDER DENYING PLAINTIFFS' MOTION TO STRIKE THIRD PARTY COMPLAINT |
| 6 | | |
| 7 | Plaintiffs, | |
|   | v. | |
| 8 | COWLITZ COUNTY, a political subdivision of the State of Washington; MARIN FOX HIGHT, in her official capacity; and JOHN DOES 1-5 | |
| 9 | | |
| 10 | | |
| 11 | Defendants and Third-Party Plaintiffs | |
| 12 | v. | |
| 13 | CONMED, INC., | |
| 14 | Third-Party Defendants. | |

This matter comes before the Court on Plaintiffs Kimberly Bush and Lisa Sully's ("Plaintiffs") motion to strike third-party complaint (Dkt. 22). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 25, 2014, Plaintiffs filed a complaint against Defendants Cowlitz Count and Marin Fox Hight ("Defendants"). Dkt. 1. On October 2, 2014, Defendants filed an amended

ORDER - 1

answer and third-party complaint against Third-party Defendant ConMed, Inc. ("ConMed"). Dkt. 11.  Defendants assert a contractual indemnity claim against ConMed. *Id*.

On October 21, 2014, Plaintiffs filed a motion to strike the third-party complaint. Dkt. 22.  On November 3, 2014, Defendants and ConMed responded.  Dkts. 24 & 26.  On November 7, 2014, Plaintiffs replied.  Dkt. 27.

## II. DISCUSSION

As a threshold matter, Plaintiffs have improperly asserted new arguments in their reply. Submission of arguments or evidence for the first time upon reply is improper because it unfairly deprives the non-movant of an opportunity to respond.  *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).  Plaintiffs' opening brief was based solely on Fed. R. Civ. P. 14 and Washington statutes regarding contribution.  *See* Dkt. 22.  In their reply, Plaintiffs advance arguments regarding the borrowed servant doctrine and nondelegable duties.  *See* Dkt. 27 at 4–7. Therefore, the Court will *sua sponte* strike Plaintiffs' new arguments because they were improperly presented.

With regard to the merits of the motion, a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a).  "[A] third-party claim may be asserted only when the third party's liability is in some way dependant on the outcome of the main claim and the third party's liability is secondary or derivative." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983).

In this case, the application of the test is fairly straightforward.  ConMed, the third party, is allegedly liable if Defendants are liable, and ConMed's liability is derivative of Defendants'

ORDER - 2

liability pursuant to contract. These facts fall squarely within the test for a third-party complaint. Therefore, the Court denies Plaintiffs' motion.

To the extent Plaintiffs argue that Washington state law applies, the Court disagrees. "It is of no import that the defendants' liability is premised upon a federal statute, and the liability of the third party defendants is derived from state law." *Banks v. City of Emeryville*, 109 F.R.D. 535, 540 (N.D. Cal. 1985) (citing *Kennedy v. Pennsylvania Railroad Co.*, 282 F.2d 705 (3rd Cir.1960) (original complaint based on Federal Employers' Liability Act and third party complaint based on various state law claims)). Moreover, this is not an issue of joint and several liability as Plaintiffs contend, this is an issue of indemnity. Therefore, even if the Washington statutes regarding the right to contribution governed the question presented, they are not applicable to the claims asserted. This is an independent reason to deny Plaintiffs' motion.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to strike third-party complaint (Dkt. 22) is **DENIED**.

Dated this 19th day of November, 2014.

                              BENJAMIN H. SETTLE
                              United States District Judge